UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60290-LEIBOWITZ/AUGUSTIN-BIRCH

**TROVIUS JOHNSON,**

    Plaintiff,

v.

**J.M.B. AUTO CARE, INC.,** *et al.***,**

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION TO
APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE**

This cause comes before the Court on the parties' Joint Motion to Approve FLSA Settlement and Dismiss Action with Prejudice. DE 13. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 14. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion [DE 13] be **GRANTED**.

Plaintiff Trovius Johnson filed this action against Defendants J.M.B. Auto Care, Inc., Moty Morad, and Miri Morad, his former employers, for allegedly violating the Fair Labor Standards Act ("FLSA") by failing to pay him full minimum and overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $5,000, with $2,475 attributed to minimum and overtime wages, $2,475 attributed to liquidated damages, and $50 attributed to consideration for the Settlement Agreement's no-rehire, non-disclosure, and non-disparagement provisions. DE 13-1 at 3. Plaintiff's counsel will receive $5,630 for fees and costs. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The parties address the *Leverso* factors in their Joint Motion. DE 13 at 5–6. To summarize, the parties state that they are represented by counsel experienced in handling FLSA matters and that they reached the settlement without fraud or collusion. *Id.* at 5. They settled to avoid the time and costs required of continued litigation and the risks inherent in litigation. *Id.* The costs of continued litigation would have exceeded the amount of the settlement. *Id.* The parties settled early in the litigation but after having informally exchanged relevant information. *Id.* They continue to dispute several issues, such as the number of hours Plaintiff worked, whether Plaintiff was exempt under the FLSA, whether the individual Defendants were Plaintiff's employers, and whether Defendants acted willfully or in good faith. *Id.* at 5–6. If the case continued, Plaintiff may have recovered far less than the settlement amount, or Defendants may have been responsible for far greater than the settlement amount. *Id.* at 6. Counsel believe that the settlement is a fair and reasonable resolution of Plaintiff's claims. *Id.*

2

The Court has considered the parties' arguments and has conducted its own review of the record. The parties reached their settlement early in the litigation, before Defendants were due to respond to the Complaint. Their settlement before motion practice, discovery, and mediation and/or a settlement conference avoided the additional accumulation of fees and costs. The parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the settlement is a fair and reasonable resolution of a bona fide dispute.

The Settlement Agreement contains general releases. DE 13-1 at 4–7, 9. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, the parties have received the advice of experienced FLSA counsel, and counsel believe that the settlement is fair and reasonable in its entirety. Under this circumstance, the Court concludes that the general releases are fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $5,630 for fees and costs under the Settlement Agreement. DE 13-1 at 3. Counsel filed a copy of their billing statement for this case. DE 13-2. The billing statement reflects costs of $630

for the court filing fee and service fees. *Id.* at 2. The billing statement further reflects fees of $5,597.50 incurred for 14.1 hours of work, with Attorney Elliot Kozolchyk performing 12.4 hours of work and Attorney Dillon Cuthbertson performing 1.7 hours of work *Id.*

The fee award will compensate counsel for $5,000 of the fees they contend they incurred. Accepting counsel's representation that they spent 14.1 hours working on this case, the fee award is in line with the hourly rates that this Court has found to be reasonable for Attorneys Kozolchyk and Cuthbertson. *See, e.g.*, *Leon v. Grass Roots Complete LLC*, No. 0:24-CV-60474, 2025 WL 746846, at *3 (S.D. Fla. Feb. 25, 2025) (finding $375 to be a reasonable hourly rate for Attorney Kozolchyk and finding $250 to be a reasonable hourly rate for Attorney Cuthbertson). The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement, which include various standard provisions. *See* DE 13-1. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion to Approve FLSA Settlement and Dismiss Action with Prejudice [DE 13] be **GRANTED** and that the Settlement Agreement [DE 13-1] be **APPROVED**. The Court recommends that this case be **DISMISSED WITH PREJUDICE**. As the parties have conditioned the Settlement Agreement on the Court retaining jurisdiction to enforce the settlement, the Court recommends retention of such jurisdiction. *See* DE 13-1 at 2.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to

timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

    **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of August, 2025.

                                                                                               _____
                                                                                               PANAYOTTA AUGUSTIN-BIRCH
                                                                                               UNITED STATES MAGISTRATE JUDGE